UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-00157-KJM-1 |
| Plaintiff, | |
| v. | ORDER |
| RODOLFO CEJA LOPEZ, JR., | |
| Defendant. | |

Defendant Rodolfo Ceja Lopez, Jr., appeals his misdemeanor conviction before the magistrate judge for driving with a suspended license. At hearing, Cameron Desmond appeared for the United States and Certified Law Clerks Heather Phillips and Byron Donovan with the Federal Defender's office appeared for Lopez. ECF No. 41. As explained below, the court DENIES Lopez's appeal and AFFIRMS his conviction.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2015, at approximately 1:30 a.m., Lopez was arrested for driving under the influence, resulting in an automatic suspension of his license. Gov't Ex. 1 11–14, ECF No. 35-1. On July 8, 2015, at a Department of Motor Vehicles (DMV) probable cause hearing, Driver Safety Officer Wendy Minshew determined there was probable cause to believe Lopez drove while intoxicated, and so there was probable cause to have arrested him. *Id.* at 11–12.

Officer Minshew completed an order of disqualification memorializing the suspension of Lopez's license for driving while intoxicated in violation of California Civil Code sections 13353, 13353.1 or 13353.2. *Id.* at 8. Minshew suspended Lopez's license from July 18 to November 17, 2015. *Id.* at 11. A copy of the disqualification order was mailed to Lopez at an address of "East Blanchi Road," instead of Lopez's proffered address of "Emily Court" in Stockton. Gov't Ex. 1 at 11; ER 84.

On August 20, 2015, Officer Timothy Menz, a police officer for the Defense Logistics Agency, saw Lopez driving a commercial vehicle at Tracy Depot in the County of San Joaquin. Excerpt of Record (ER) 36–37, ECF No. 35-1. Officer Menz approached Lopez and asked for a driver's license. *Id.* at 39. Lopez instead showed him a California identification card. *Id.* Finding this unusual, Officer Menz ran Lopez's information through dispatch, which reported Lopez had a suspended license. *Id.* at 40. Officer Menz then cited Lopez. *Id.*

Sometime later, on July 12, 2016, the United States government filed a second superseding information charging Lopez with driving with a suspended license in violation of 18 U.S.C. § 13(a) and California Vehicle Code section 14601.5(a). ER 130–31. California Vehicle Code section 14601.5(a), assimilated into federal law by virtue of the Assimilative Crimes Act,[1] requires the government to show (1) Lopez drove while a license was suspended or revoked under California Vehicle Code sections 13353, 13353.1, or 13353.2, and (2) Lopez knew of the suspension or revocation. Cal. Veh. Code § 14601.5(a). The second superseding information specifically alleges Lopez knew his license was suspended when he was stopped on August 20, 2015. ER 130–31.

The magistrate judge held a two-day bench trial on July 19 and August 8, 2016. ECF No. 11; ER 4–20, 21–113 (transcript). Talha Khan appeared for the United States and Brandon Li appeared for Lopez. ER 3. On the first day, Lopez's counsel contended Lopez did

---

[1] Congress enacted the Assimilative Crimes Act, 18 U.S.C.A. § 13(a), "to borrow state law to fill in the gaps of federal criminal law applicable to federal enclaves that occur when Congress has not passed specific criminal statutes with respect to the missing offenses." *United States v. Dotson*, 615 F.3d 1162, 1165 (9th Cir. 2010) (internal citations omitted).

not actually know his license was suspended because the DMV's administrative record identified his address incorrectly. ER 84; 99–105. Officer Menz testified, however, that the day he stopped Lopez, Lopez knew his license was suspended. ER 42. When Officer Menz was asked how he knew this, he said his notes from that day say Lopez's license was "already confiscated." ER 45. Officer Menz testified it was his standard practice to write "already confiscated" when the driver knew his license had been suspended. *Id.* The government cited the DMV's administrative record to show Lopez attended and knew of the suspension at the time of the July 8 hearing. ER 80–83.

Lopez objected to admission of the DMV's administrative record, contending that because he could not cross-examine Wendy Minshew, the document's declarant, admission violated his Sixth Amendment's Confrontation Clause right. ER 34. Lopez also moved for acquittal based on Rule 29, contending the United States did not prove beyond a reasonable doubt that Lopez knew of his suspension when Officer Menz stopped him. ER 87–88; *see* Fed. R. Crim. P. 29 (allowing motion for judgment of acquittal after government closes its evidence or after close of all the evidence). The judge resolved these issues on the second day of trial after additional briefing was submitted. ER 3–20.

On the second day, the magistrate judge allowed argument on Lopez's Rule 29 motion and "closing arguments on the case." ER 4. Before argument, the judge noted his impressions of the evidence. ER 4–20. First, he credited Officer Menz's testimony that Lopez knew his license was suspended at the time he was stopped. ER 5–6. Second, the judge found the DMV's administrative record admissible as a non-testimonial document outside the purview of the Confrontation Clause. ER 6–7.

Lopez's counsel argued Officer Menz's testimony should not be credited because, when initially asked about his interaction with Lopez on the day Lopez was stopped, Menz stated he did not recall the details. ER 8. Defense counsel also disagreed the administrative record documents were non-testimonial. ER 9. Counsel argued that because Officer Minshew did not testify, the documents should have been excluded. *Id.* To the extent the administrative record was submitted to prove knowledge, counsel argued it did not achieve this goal because the

address on the document was incorrect. ER 10. In response to the second point, the magistrate judge observed because Lopez requested a hearing on the suspension of his license, it could be inferred he knew of the suspension. ER 10–11; *see also* ECF No. 35-1 at 12-13 (ER 10-11).

The government submitted without argument, referencing its arguments in its briefing provided to the court. ER 15. The magistrate judge then said he was prepared to rule. *Id.* He asked both parties if the matter was submitted. *Id.* The government said yes. Defense counsel said nothing. *Id.*

The magistrate judge concluded the government proved beyond a reasonable doubt that defendant had violated California Vehicle Code section 14601.5(a). ER 16. The court then continued to sentencing. ER 16–17. Defense counsel stated a $300.00 fine would be appropriate and that Mr. Lopez could pay the fine immediately. ER 18. The court then ordered Lopez to pay $300.00. ER 19. The case was closed. ER 20. Lopez timely appealed the judgment on August 16, 2016. ECF No. 29.

II. DISCUSSION

Lopez raises three issues on appeal: (1) whether admission of the DMV's administrative record violated Lopez's Sixth Amendment right to confront his accuser; (2) whether the magistrate judge erred in denying Lopez's Rule 29 motion for acquittal; and (3) whether the magistrate judge prevented Lopez's closing argument, and if so, whether he erred in this way. *See generally* Mot., ECF No. 35.

A. Legal Standards

The court reviews the Confrontation Clause question *de novo*. *United States v. Ballesteros-Selinger*, 454 F.3d 973, 974 n.2 (9th Cir. 2006) ("We review *de novo* alleged violations of the Confrontation Clause.").

On the second issue, a denial of a motion for acquittal will be reversed only if the record, viewed in the government's favor, leads to the conclusion that "no rational trier of fact could find beyond a reasonable doubt that the defendant committed the crime," and thus could not support Lopez's conviction. *United States v. Johnson*, 297 F.3d 845, 868 (9th Cir. 2002); *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995).

The third issue is raised for the first time on appeal, and so the court reviews the judge's decision for "plain error." Fed. R. Crim. P. 52; *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). The plain error doctrine mandates that this court affirm the judge's ruling unless (1) there was an error in the proceedings below; (2) that error was plain; (3) it affected substantial rights; and (4) it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Davenport*, 519 F.3d at 943. With these standards in mind, the court assesses each issue below.

### B. Administrative Record and Confrontation Clause

Lopez contends admission of the DMV's administrative record unaccompanied by a witness's testimony violated his Sixth Amendment right to confront his accuser. Mot. at 29–32. The United States counters that the administrative record is non-testimonial. Opp'n at 3.

The Sixth Amendment to the United States Constitution provides, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; *see Melendez-Diaz v. Mass.*, 557 U.S. 305, 309 (2009). The Supreme Court has held the right applies in the face of witnesses "who bear testimony" against a defendant. *Id.* (internal citations omitted). Accordingly, the Confrontation Clause applies only to those statements which are testimonial in nature. *Id.* In *Melendez-Diaz*, the Court described the "core class" of testimonial statements as follows:

> [E]x parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Id.* at 310 (internal citations omitted). The Ninth Circuit has held a document is non-testimonial when it "was not made in anticipation of litigation and . . . is simply a routine, objective, cataloging of an unambiguous factual matter." *Ballesteros-Selinger*, 454 F.3d at 975 (internal citations omitted). If a witness's statement is testimonial, it is inadmissible against the defendant

unless the declarant appears at trial or, if the witness is unavailable, the defendant had a prior opportunity to cross-examine that declarant. *Melendez-Diaz*, 557 U.S. at 309.

In *Ballesteros-Selinger*, the Ninth Circuit held an immigration judge's memorandum of oral decision, provided "solely for the convenience of the parties," was non-testimonial and not subject to the Confrontation Clause. *Ballesteros-Selinger*, 454 F.3d at 974. The Ninth Circuit reasoned the "memorandum of oral decision was not made in anticipation of future litigation; rather, it was made to record the [Immigration Judge]'s decision regarding [the defendant's] deportation." *Id.* The memorandum of oral decision was a standardized form that gave "a record of the parties and decision at the deportation hearing." *Id.* That the record explicitly noted defendant was ordered to be deported did not subject it to Confrontation Clause restrictions. *Id.* Indeed, admissibility did not depend on the evidence's significance to the dispute here whether defendant was guilty of illegal reentry; rather, admissibility hinged on the reason for creating the evidence in the first place. *Id.* Because the memorandum of oral decision was not made "in anticipation of litigation," the court admitted it, and on the basis of it, affirmed the defendant's conviction of illegal reentry. *Id.*

The Ninth Circuit as well as a court in this circuit has applied the same "anticipation of future litigation" principle to a witness's statements made to or by the DMV. *United States v. Esparza*, 791 F.3d 1067, 1073 (9th Cir. 2015) (statement made to the DMV); *United States v. Cuesta*, No. 06–40, 2007 WL 2729853, at *14 (E.D. Cal. Sept. 19, 2007) (admission of driver's license issued by DMV does not violate Confrontation Clause). As with the memorandum of oral decision in *Ballesteros-Selinger*, the key question in *Esparza* was whether the declarant reasonably believed the statement would be used in litigation. *Esparza*, 791 F.3d at 1073.

In *Esparza*, the Circuit held a witness's signed document submitted to the DMV, transferring vehicular liability from the witness to an unknown person under investigation for using the witness's car to smuggle 50 kilograms of marijuana, was "testimonial" and thus subject to the Confrontation Clause. *Id.*; *see also United States v. Marguet–Pillado*, 560 F.3d 1078, 1085 (9th Cir. 2009) (a declarant's belief that her statement may be used in a future trial is a key factor

in determining whether the statement is testimonial). As facially innocuous as the transfer of liability document was, the court in *Esparza* noted the circumstances surrounding the document's creation would "lead an objective witness" to anticipate litigation as to its contents. *Esparza*, 791 F.3d at 1072. But for the witness's sending the document to the DMV, liability would not have been transferred from the witness to the person under investigation for smuggling drugs. *Id.* Accordingly, the witness had a "strong incentive to lie." *Id.* The DMV document fell outside a "routine administrative process." *Id.* Without the declarant's testimony, the DMV document was inadmissible; defendant's conviction was reversed, and the case was remanded. *Id.* at 1074.

Here, Wendy Minshew, a DMV employee, created the administrative record at issue. Gov't Ex. 1 at 8, 11–14. The record contains two parts: (1) the order of disqualification suspending Lopez's license, and (2) Minshew's findings of fact and determinations at the July 8, 2015 suspension administrative hearing. Gov't Ex. 1 at 8, 11–14. As an employee of the DMV Licensing Operations Division, Minshew created the suspension order on DMV letterhead. *See* Gov't Ex. 1 at 8. At the bottom, the order states it "is independent of any other action taken by the court or this department." *Id.* Minshew also created the second part of the record, which also appears on DMV letterhead and provides reasons for Lopez's June 8th arrest as lawful. *See* Gov't Ex. 1 at 11–14. The administrative record is publicly available. *See* Retention of Driver Record Information, available online at https://www.dmv.ca.gov/portal/dmv/?1dmy&urile=wcm:path:/dmv_content_en/dmv/pubs/brochures/fast_facts/ffdl15 (last visited August 29).[2]

The administrative record here is non-testimonial, and its admission thus did not violate Lopez's Confrontation Clause rights. First, the record was made in the regular course of the DMV's administrative business and explicitly notes it was made independent of any court proceeding or trial. Gov't Ex. 1 at 8, 11–14; *cf. Ballesteros-Selinger*, 454 F.3d at 975. Second, unlike the defendant in *Esparza*, Lopez has pointed to no evidence to suggest Minshew made her

---

[2] The court judicially notices this government website. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.") (internal quotation marks omitted).

statements while anticipating litigation or that she otherwise had an incentive to lie. *Cf. Esparza*, 791 F.3d at 1073. The administrative record here included some "routine, objective, cataloging of an unambiguous factual matter" but most significantly "was not made in anticipation of litigation," and is thereby non-testimonial in nature. *Ballesteros-Selinger*, 454 F.3d at 975. The magistrate judge did not err in admitting the administrative record.

### C. Evidentiary Sufficiency

Lopez challenges the magistrate judge's decision to deny his Rule 29 motion for acquittal. Mot. at 24–25. The United States counters that it proved its case beyond a reasonable doubt and the denial thus was proper. Opp'n at 5–11.

The court will reverse the magistrate judge's denial "only if viewing the evidence in the light most favorable to the government, and granting to the government all reasonable inferences that may be drawn from the evidence, no rational trier of fact could find beyond a reasonable doubt that the defendant committed the crime." *Johnson*, 297 F.3d at 868. This court looks to the evidence "as it stood at the close of the government's case." *Id.* at 868 n. 25.

To convict, the government needed to establish (1) Lopez drove a motor vehicle at the time his driving privilege was suspended or revoked under California Vehicle Code sections 13353, 13353.1 or 13353.2, and (2) Lopez knew of the suspension or revocation. Cal. Veh. Code § 14601.5(a). In establishing the first prong, the government relied on Lopez's earlier violation of California Vehicle Code section 13353.2. Opp'n at 1; Gov't Ex. 1 at 8. Section 13353.2 authorizes a license suspension if a person is found driving with a blood alcohol level of "0.08 percent or more." Cal. Veh. Code § 13353.2.

Lopez contends the magistrate judge could not have found beyond a reasonable doubt that Lopez violated California Vehicle Code section 13353.2 because his prior suspension records list violations of California Vehicle Code §§ 14103 and 14105. Mot. at 23–25. But the evidence, including the administrative record, supports Lopez's conviction. *See* Gov't Ex. 1 at 11–14. The order of disqualification confirming his license suspension noted Lopez violated section 13353.2 on June 8, 2015, the day Lopez was arrested. *Id.* at 8. This conclusion stemmed from the finding that Lopez drove while intoxicated on that day. *Id.* Viewing the evidence in the

government's favor, the court finds a rational factfinder could conclude Lopez had violated section 13353.2 as a predicate to his section 14601.5(a) conviction. The magistrate judge did not err in concluding the government satisfied the first element.

As to the second element, the government presented the administrative hearing record and Officer Menz's testimony to show Lopez knew he had a suspended license. Opp'n at 7. After reviewing the record, the magistrate judge concluded "the whole point of that hearing . . . that was requested was to challenge the suspension due to a DUI." ER 16:6–7. The judge also concluded "it's also very clear to me that because the hearing was requested, obviously the defendant in requesting the hearing knew that what was in issue was that very suspension." ER 16:8–10. Finally, the judge noted Lopez's license was suspended from July 18 to November 17, 2015. *Id.* Lopez then drove on August 20, 2015. *Id.* The magistrate judge concluded on balance that Lopez knew "beyond a reasonable doubt" his license was suspended on August 20, 2015. ER 16:19–25. Lopez was therefore guilty of violating section 14601.5(a). *Id.*

Lopez contends the magistrate judge's inference that Lopez attended or even knew of the July 8, 2015 suspension hearing was unreasonable because the government did not prove beyond a reasonable doubt that Lopez requested the hearing. Mot. at 2.

The court disagrees. A pillar of evidentiary sufficiency in the legal system, circumstantial evidence, provides that the government need not prove "beyond a reasonable doubt" every inference or syllogistic step it requests the factfinder take. *Holland v. United States*, 348 U.S. 121, 137 (1954). Factfinders may refer to "[their] experience with people and events in weighing" the "chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference" before concluding the defendant is guilty beyond a reasonable doubt. *Id.* at 137–38. For the factfinder to credit the government's evidence, including circumstantial evidence, it need not "exclude every reasonable hypothesis other than that of guilt," but only must be convinced "beyond a reasonable doubt" the defendant committed the crime charged. *Id.* at 137–38. Once the factfinder is convinced, the court "can require no more." *Id.* at 138.

Here, the magistrate judge's inference that Lopez attended or at least knew of the July 8 suspension administrative hearing was certainly reasonable. California's license suspension law allows the license holder to challenge a suspension before the DMV by requesting a hearing. Cal. Veh. Code § 13353(e); *Armondo v. Dep't of Motor Vehicles*, 15 Cal. App. 4th 1174, 1177 (1993). The statute does not provide for a third party to request a hearing. *See* Cal. Veh. Code § 13353 (***The*** person may request an administrative hearing (emphasis added)). The magistrate judge took judicial notice of this statute to conclude only Mr. Lopez or someone acting on his behalf could have requested the hearing. There is no evidence in the record from which a reasonable factfinder could infer anyone other than Lopez or his representative requested the administrative hearing.

Viewing the evidence in the government's favor, the magistrate judge's conclusion that Lopez attended the probable cause hearing was "rational." *Johnson*, 297 F.3d at 868. The court need not consider whether the testimony of Officer Menz could also support Lopez's conviction.

D. <u>Closing Argument</u>

Lopez also contends the magistrate judge precluded him from giving a closing argument, which in turn violated his Sixth Amendment right to effective assistance of counsel. Mot. at 29–30. The United States contends Lopez had a "meaningful opportunity" to make a closing argument, and even if he did not, that the error was harmless because Lopez's counsel articulated all the points a closing argument would have covered. Opp'n at 9–11. As noted above, the court reviews the issue, raised for the first time on appeal, under the plain error standard. Fed. R. Crim. P. 52; *Davenport*, 519 F.3d at 943.

The constitutional right to assistance of counsel includes the right for defense counsel to "make a closing summation" to the finder of fact. *United States v. Bell*, 770 F.3d 1253, 1257 (9th Cir. 2014). However, nothing in the Sixth Amendment gives a "defendant a right to be affirmatively and individually advised that he or she has a right to . . . a closing argument." *Id.*; *United States v. Richter*, 782 F.3d 498, 502 (9th Cir. 2015). The right requires only that a litigant not be prevented from making a closing argument. *Bell*, 770 F.3d at 1257–58.

In *Bell*, the court held a defendant's silence in the face of an opportunity to present a closing argument reflected nothing more than his voluntary relinquishment of that right. *Id.* A year later, the Ninth Circuit reinforced this conclusion, adding that "a waiver of the right to present a closing argument may be implicit and inferred from counsel's silence so long as there was a meaningful opportunity for counsel to request argument, considering the circumstances." *Richter*, 782 F.3d at 503. In *Richter*, the defendant implicitly waived his right when he did not request a closing statement after the judge asked the parties to provide proposed findings of fact before a decision could be made. *Id.*

Here, Lopez had a meaningful opportunity to present a closing argument. Before starting the second and final day of the bench trial, the magistrate judge explained the day would be dedicated to Lopez's Rule 29 motion for acquittal "as well as closing arguments on the case." ER 4. Before hearing from Lopez's counsel, the magistrate judge discussed his tentative findings and the reasons he was inclined to convict Lopez. ER 4–8. Specifically, he noted the DMV's administrative record was non-testimonial, and paired with Officer Menz's testimony, the evidence was sufficient to prove that Lopez knew of his suspension. *Id.* The judge then provided defense counsel a chance to respond. *Id.* at 8.

In response, counsel first contended Menz's testimony did not prove "beyond a reasonable doubt" that Lopez's license was suspended. *Id.* at 8–9. Second, he argued the administrative record was testimonial and thereby inadmissible under the Confrontation Clause. *Id.* at 9. Third, counsel contended because notice of his prior suspension was not properly mailed to Lopez's correct address, there is no evidence that Lopez had notice of the document or his license suspension. *Id.* at 9–10. Counsel closed with, "I believe I've addressed the concerns you raised." *Id.* at 15. Shortly thereafter, counsel for the United States offered to submit the case unless the court had further questions. *Id.* The court then asked whether the matter should be submitted. The government said yes. Defense counsel said nothing. *Id.* Defense counsel did not object to submission or say he requested the chance to provide a separate closing argument before submission. *Id.*

11

By the end of the hearing, the magistrate judge asked if "anything further" needed to be addressed. Each counsel said only "thank you." ER 19–20. No attorney made an objection or request to make a closing argument. The court finds the magistrate judge offered, on at least two occasions, an opportunity to provide a closing argument. That he did not "affirmatively and individually advise[] that [Lopez has a right to] . . . a closing argument" does not undermine this court's conclusion. *Bell*, 770 F.3d at 1257. The magistrate judge did not commit error.

III. SUMMARY AND CONCLUSION

In sum, the court finds the magistrate judge did not err in (1) admitting the DMV administrative record; (2) denying Lopez's Rule 29 motion for acquittal, and (3) offering at least two opportunities to present a closing argument. Accordingly, the judgment is AFFIRMED.

This order resolves ECF No. 35.

IT IS SO ORDERED.

DATED: August 30, 2017.

_____
UNITED STATES DISTRICT JUDGE